STATE OF WEST VIRGINIA

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.M.-1, A.M., J.M.-2, and J.M.-3

No. 16-0584 (Preston County 14-JA-44, 14-JA-45, 14-JA-46, and 14-JA-47)

## MEMORANDUM DECISION

Petitioner Mother Y.W., by counsel Cheryl L. Warman, appeals the Circuit Court of Preston County's May 13, 2016, order terminating her parental rights to five-year-old J.M.-1, four-year-old A.M., three-year-old J.M.-2, and two-year-old J.M.-3[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee S. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Jeremy B. Cooper, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because she successfully completed her improvement period and the circuit court failed to consider less-restrictive dispositional alternatives. Petitioner further alleges that the circuit court erred in finding that the DHHR made reasonable efforts to reunify the family.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Because three of the children share the same initials, we will refer to them as J.M.-1, J.M.-2, and J.M.-3, respectively, throughout the memorandum decision. Additionally, consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

On November 15, 2014, petitioner gave birth to J.M.-3. Several days later, the DHHR filed a petition for abuse and neglect against petitioner alleging that she used illegal drugs during her pregnancy with J.M.-3. During the underlying investigation, petitioner also admitted that she used illegal drugs during all four of her other pregnancies. The following month, petitioner admitted that she abused and neglected her children as alleged in the petition. By order entered on February 25, 2015, the circuit court granted petitioner a six month post-adjudicatory improvement period. The terms and conditions of this improvement period required petitioner to submit to a psychological and substance abuse evaluation; to submit to random drug screens; and to attend counseling, parenting, and adult life skills classes.

Thereafter, the circuit court held a series of review hearings to determine petitioner's compliance with her improvement period. The circuit court received evidence that petitioner tested negative for drugs and substantially complied with the other terms and conditions of her improvement period. Based upon her compliance, the circuit court granted petitioner a three-month extension of her post-adjudicatory improvement period.

Subsequently, the circuit court held another series of review hearings to determine petitioner's compliance with the terms and conditions of her extended improvement period. Again, the circuit court heard evidence that petitioner complied with the terms of her extended improvement period. Specifically, the circuit court heard testimony that petitioner was drug free and was in the process of obtaining an appropriate residence. As such, the circuit court increased petitioner's visitation because the permanency plan was to reunify petitioner with her children.

In September of 2015, petitioner filed a motion for a dispositional improvement period. As such, the circuit court held a hearing on petitioner's motion. While the circuit court heard testimony that petitioner continued to comply with the terms and conditions of her improvement period, the DHHR and the guardian had concerns that petitioner was using drugs. After considering the parties' arguments, the circuit court found that petitioner experienced a substantial change in circumstances demonstrating a remediation of the conditions of abuse and neglect. Accordingly, the circuit court granted petitioner a three month dispositional improvement period, but ordered her to submit to an immediate drug screen. The primary purpose of the dispositional improvement period was to allow petitioner to obtain suitable housing.

During a November of 2015, review hearing, the circuit court heard that petitioner was driving on a suspended license. Nevertheless, the circuit court directed the parties to formulate an appropriate transition plan so that the children could be returned to petitioner's care. Thereafter, by order entered on February 1, 2016, the circuit court granted petitioner a three month extension of her dispositional improvement period.

On January 8, 2016, the guardian filed a motion to terminate petitioner's dispositional improvement period because she tested positive for buprenorphine. Subsequently, the circuit court held a hearing on the guardian's motion. After considering the parties' arguments, the circuit court denied the guardian's motion, but modified petitioner's dispositional improvement period to "re-open" adult life skills and parenting classes. The circuit court also modified

petitioner's visitation rights to increase visitation and to include separate visitations with individual children.

In April of 2016, the circuit court held a dispositional hearing during which multiple witnesses testified. According to the DHHR worker, despite the fact that petitioner received seventeen months of services, she failed to implement the necessary skills directed at providing proper and safe supervision for her children. Petitioner's adult life skills and parenting provider also testified that petitioner did not complete parenting classes. Similarly, this provider testified that petitioner did not implement appropriate parenting skills and was not capable of appropriately supervising her children. Likewise, a third service provider testified that petitioner failed to provide appropriate discipline to her children. After considering the parties' arguments and the children's best interests, the circuit court found that while petitioner made significant progress during her multiple improvement periods she "has not been able to put into effect the contents of her parenting classes." Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. By order entered May 13, 2016, the circuit court terminated petitioner's parental rights.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because she completed all the terms and conditions of her improvement period and has shown her ability to solve the problems of abuse and neglect. We disagree. To the contrary, the record is clear that petitioner was unable to complete parenting classes. Despite approximately seventeen months of services, her service providers testified that petitioner failed to implement the skills

---

[3]The parental rights of all parents to all children were terminated below. According to the guardian, as of the filing of his response brief, the children were placed in a foster home with a permanency plan of adoption by the foster family.

that she was taught from her services. Specifically, petitioner was unable to demonstrate that she could appropriately and safely supervise her children, and failed to properly discipline the children. As such, it is clear that petitioner failed to successfully complete her improvement period.

This Court has previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Simply put, petitioner ultimately failed to resolve the issues of abuse and neglect such that returning the children to her care would not be in the children's best interests.

Moreover, West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to . . . a reasonable family case plan[.]" As already discussed, while petitioner participated in a lengthy improvement period, she was unable to implement the necessary skills to provide a safe and appropriate environment for her children. Given these facts, we find no error in the circuit court's ruling that there was "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." As such, we find no error

Lastly, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts to reunify the family. Specifically, petitioner argues that the DHHR failed to initiate appropriately tailored services to address J.M-1's behavioral problems. Our review of the record on appeal shows that the DHHR made reasonable efforts to reunify petitioner with her children. For example, the DHHR provided petitioner with approximately seventeen months of services which included parenting and adult life skills classes, drug screens, and supervised visitation. Furthermore, the record is devoid of any evidence that more specifically tailored services would have allowed petitioner to rectify the conditions of abuse or neglect that were not addressed in the preceding seventeen months of services. As such, petitioner's argument on this issue is without merit.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 13, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker